## H. B. THOMAS & Co. *v.* UNITED STATES

**No. 5982.**—Invoice dated Yokohama, Japan, March 26, 1936.
Entered at San Francisco, Calif., April 28, 1936.
Entry No. 11597.

(Decided February 17, 1944)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh, Robert C. O'Grady, Joseph A. Howard, Jr.,* and *William J. Vitale*, special attorneys), for the defendant.

CLINE, Judge: This is an appeal for a reappraisement of wearing apparel filed by the importer, reading as follows:

Pursuant to the provisions of section 501 of the Tariff Act of June 1930, we hereby appeal from the appraisement by the United States appraiser to a reappraisement by a Justice of the United States Customs Court, upon certain rayon imported by us in the S. S. *Norway Maru*, entered 4/27/36, Entry No. 11597, Collector's Appeal No. 7471.

In making the entry the importer added, under so-called duress, 76.62 yen to the invoice values to meet advances made by the appraiser on other entries pending reappraisement. In the certificate filed under the authority of section 503 (b) of the Tariff Act of 1930, it is stated in part as follows:

It is contended that duty should be assessed on the basis of a value exclusive of the items specified; in other words, that the Japanese textile tax is not a part of the dutiable value.

Items: Japanese textile tax of 4 percent on all rayon and-or woolen goods equals 76.62 yen.

The case was first called for trial on February 14, 1941, at which time the parties entered into an oral stipulation with regard to the articles made of rayon, reading as follows:

Mr. TUTTLE: There are on this invoice articles which are described as being made of rayon, and as to such articles I offer to stipulate as follows: That the rayon wearing apparel, and rayon footwear, which is not subject to T. D. 46158, from Japan, covered by the appeals enumerated in the attached schedule, are of the same character and description as those covered by the decision in United States *v.* Nippon Dry Goods Co., reappraisement 5006, affirming reappraisement 4074, and which were appraised on the same basis, the issues here being the same as the issues in the above-named case, and the record in that case may be incorporated herein; that the appraised values of the rayon wearing apparel and rayon footwear, which is not subject to T. D. 46158, covered by this appeal, less any additions made by the importer by reason of the so-called Japanese consumption tax, represents the export values of such merchandise, under the decisions above-cited, and that there were no higher foreign values at the time of exporlation thereof.

Mr. WELSH: Upon the advice and with the consent of appraiser Watson, the Government so concedes.

The reference to Reap. Dec. 4074 in the minutes is evidently an error and should refer to Reap. Dec. 4704 which was affirmed on appeal in Reap. Dec. 5006.

On the basis of this stipulation, and, following the ruling in the decision cited, I find that export value, the foreign value being the same, is the proper basis of appraisement of the rayon articles herein involved, there appearing to be no footwear described on the invoice. I reappraise said merchandise at the entered and appraised value, less the amount added under so-called duress by the importer to meet advances made by the appraiser on entries of other shipments.

At the same trial, in spite of the limitation in the appeal to rayon articles, counsel for the plaintiff introduced the testimony of Tamotsu Ohno, a representative of the shipper of the merchandise herein

involved, with respect to certain woolen wearing apparel. The witness produced a sample of item 3/60, invoiced as "printed woolen Chally Happi" and testified that items 3/140 and 3/43 on the invoice covered the same class of merchandise, differing only in size and colors. The sample was admitted in evidence and marked exhibit 1. The case was then continued for further evidence.

At the next trial, which occurred on March 13, 1942, counsel for the plaintiff introduced a document which he designated as an affidavit of Tamotsu Ohno, the same person who testified at the original trial. Counsel for the defendant objected to the introduction thereof on the ground that "the Government has no opportunity to cross-examine the man as to the contents thereof." The judge presiding at the trial overruled the objection and admitted the document in evidence and it was marked exhibit 2. The case was then continued for defendant's testimony and counsel for the plaintiff was permitted to withdraw exhibit 2 to be kept in his custody until the next trial.

At the final trial, which occurred on February 15, 1943, the defendant introduced a copy of a report by Treasury attaché Martin C. Scott, C. I. E. 572/38. Counsel for the plaintiff objected to the receipt of the document in evidence on the ground that it is irrelevant because it refers to a regulation of the Japanese Government in 1937 and 1938, whereas the merchandise was exported from Japan in 1936. The objection was taken under advisement and the document was marked exhibit 3, for identification. The objection is sustained and exception granted to the defendant. It may be noted that counsel for the defendant, in his brief, states that the exhibit is withdrawn.

Counsel for the defendant made further objections to exhibit 2, using the following language:

Mr. VITALE: May it please the court, I must object to this affidavit.

\*     \*     \*     \*     \*     \*     \*

I want to reiterate the objection made by previous counsel so that if the record is not available the court will know that we do object to this affidavit first upon the ground that it contains merely conclusions; furthermore, I want to object upon the ground that it was executed in Japan, a country with which we are at war; it is not authenticated before an American consul; and I do not believe it is competent at this time.

Ruling on the objection was taken under advisement. The word "Affidavit" appears at the head of the document and the opening words thereof are "Tamotsu Ohno, being duly sworn, deposes and says." At the bottom of the language in the document, the name "T. Ohno" appears in handwriting, followed by some words in what is assumed to be the Japanese language and by a seal which is printed on the document in red ink but which contains no English words. Under the signature appears the words "Subscribed and sworn to before me. Notary Public." No signature appears above the words "Notary Public" but opposite those words there is another seal printed

in red ink. This seal is larger than the one after the name T. Ohno, but it contains no English words. Under this seal there is pasted to the document a piece of paper containing Japanese words, followed by another seal like the one opposite the words "Notary Public." The Japanese words on this separate piece of paper were translated at the trial as follows:

Certificate Number 267. I certify that T. Ohno has duly signed and placed his seal in my presence on April 17, 1941, at Yokohama Court, which is situated at number 62 Gochome Tokiwamachi Nakaku, Yokohama, Kanagawa prefecture. Notary public Noboru Arinaga.

The objections to the receipt of the document made at the trial appear to be inapplicable. Section 501 of the Tariff Act of 1930 provides that "affidavits and depositions of persons whose attendance cannot reasonably be had" may be admitted in evidence. In making that provision, Congress must have considered that a person who makes an affidavit in a foreign country should not be required to be present at the trial for cross-examination. The reason for the objection that the affidavit contains conclusions relates to the weight to be attached to the evidence rather than to its admissibility. The reason given that the country in which the affidavit was executed is at war with the United States is not pertinent in this case, especially in view of the fact that the document was executed before war between the United States and Japan was declared. There appears to be no authority in the law to support the objection that the affidavit is invalid because it was not executed before an American consul. In *Amtorg Trading Corp.* v. *United States*, 21 C. C. P. A. (Customs) 532, T. D. 46975, the court held that documents executed before a notary public in the Union of Soviet Socialist Republics were admissible. These objections are overruled and exception is granted to the defendant.

Other grounds for objection to exhibit 2 are set forth in the brief of counsel for the defendant, but they are not considered, following the ruling in *United States* v. *Toledo Museum of Art*, 25 C. C. P. A. (Customs) 373, T. D. 49455, wherein the court refused to consider reasons for objection not given at the trial.

Exhibit 2 has been carefully examined. It relates to the trade practice and the application of the Japanese consumption tax on rayon and woolen fabrics sold for home consumption in Japan, but inasmuch as the appeal in this case is limited to rayon articles, the portion of the exhibit relating to the application of the tax on woolen fabrics is irrelevant to the issue raised by the appeal.

I hold that the appeal does not cover the woolen goods described on the invoice and that the court is without jurisdiction to reappraise them, citing *In re Philipp Deutsch*, Reap. Cir. 32802 and *In re Arthur Walker & Co.*, 27 Treas. Dec. 334, T. D. 34859, G. A. 7619.

With respect to the rayon articles, I make the same findings on fact and law as are set forth in *Nippon Dry Goods Co.* v. *United States*, 4 Cust. Ct. 563, Reap. Dec. 4704, affirmed in *United States* v. *Nippon Dry Goods Co.*, 5 Cust. Ct. 520, Reap. Dec. 5006, the record in which case was incorporated herein.

Judgment will be rendered accordingly.